UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA ANN LEVIN,

    Plaintiff,

v.                                                                CASE NO. 6:17-cv-358-Orl-18MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a period of disability, disability insurance benefits, and supplemental security income.  Following an administrative hearing held on September 17, 2015, the assigned Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled from August 1, 2013, the amended disability onset date, through October 1, 2015, the date of the ALJ's decision. (Tr. 19-32, 38-80.)  Based on a review of the record, the briefs, and the applicable law, the undersigned respectfully **RECOMMENDS** that the Commissioner's

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

decision be **REVERSED and REMANDED**.

## I.    Standard

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.    Discussion

Plaintiff raises two issues on appeal: (1) that the ALJ failed to adequately

consider and weigh, in accordance with Social Security Ruling 96-7p, the testimony of Plaintiff's brother, Gordon Levin, and the opinions of the vocational counselor, Thomas F. Caselle, who indicated that Plaintiff had significant impediments to employment due to her mental functioning, and (2) that the ALJ improperly relied on the testimony of the Vocational Expert ("VE") after posing a hypothetical question that failed to incorporate Plaintiff's moderate limitations in social functioning and in concentration, persistence, or pace.

At step two of the five-step sequential evaluation process, the ALJ found that Plaintiff's affective disorder and borderline intellectual functioning were severe impairments. (Tr. 21.) At step three, the ALJ found that Plaintiff had moderate difficulties in social functioning and in concentration, persistence, or pace. (Tr. 22-23.) Then, in the residual functional capacity ("RFC") assessment and hypothetical question to the VE, the ALJ limited Plaintiff to a reduced range of light work with the following mental limitations: "[Plaintiff] can understand, remember, and carry out 1-2 step instructions; perform simple 1-2 step tasks; have occasional interaction with supervisors/public; and have work with jobs [sic] with reasoning/math/language at level one." (Tr. 23.) The parties disagree whether these limitations adequately account for Plaintiff's deficits in concentration, persistence, or pace.

As defined by the SSA Regulations, concentration, persistence, or pace "refers to the abilities to focus attention on work activities and stay on task at a

3

sustained rate." 20 C.F.R. Part 404, Subpart P, Appendix 1, section 12.00C (cited in 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3)). Examples include:

> Initiating and performing a task that you understand and know how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day.

*Id.*

In *Winschel*, the Eleventh Circuit held that, when the ALJ finds that a claimant is limited in maintaining concentration, persistence, or pace as part of the Psychiatric Review Technique ("PRT") employed at steps two and three of the required five-step analysis, the ALJ must account for those limitations in the RFC assessment and hypothetical question to the VE, if applicable. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011). Furthermore, limitations to simple, routine tasks or unskilled work, typically are not sufficient to account for a claimant's moderate limitations in concentration, persistence, or pace. *See id.* at 1180 (citing *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (per curiam) (finding that restricting the hypothetical question to simple, routine tasks that do not require constant interactions with coworkers or the general public was insufficient to account for limitations in concentration, persistence, and pace); *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004)

(finding that limiting the hypothetical question to simple, one- or two-step tasks does not account for deficiencies in concentration, persistence, or pace); *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (finding that limitation to simple jobs did not account for deficiencies of concentration, persistence, or pace)).

However, the *Winschel* court recognized that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." 631 F.3d at 1180. Nevertheless, the court reversed the ALJ on this issue because "the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical." *Id.* at 1181. Thus, in order for the Court to affirm the ALJ's decision on this basis, the ALJ must have actually relied on the subject medical evidence. *See, e.g.*, *McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986) (stating that courts must resist the temptation to "engage in direct fact finding" as that is "an affront to the administrative process"); *see also SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1964) ("[A] simple but fundamental rule of administrative law . . . [is] that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.") Therefore, the issue

before the Court is whether there is substantial medical evidence, relied on by the ALJ, that Plaintiff can perform "simple 1-2 step tasks . . . with reasoning/math/language at level one" and with "occasional interaction with supervisors/public," despite her moderate limitations in concentration, persistence, or pace.  (Tr. 23.)

Here, although the ALJ discussed the medical evidence in general, he did not address what medical evidence supported his finding that Plaintiff could perform "simple 1-2 step tasks . . . with reasoning/math/language at level one," despite Plaintiff's moderate limitations in concentration, persistence, or pace. While it is possible that substantial record evidence supported the ALJ's finding, it is not this Court's role to supply that reasoning or weigh such evidence.  "When the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" *Winschel*, 631 F.3d at 1179 (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (stating the court may not decide facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner); *Stewart*, 561 F.3d at 684 (stating that the ALJ "must connect the evidence to the conclusion through an 'accurate and logical bridge'"). Accordingly, the Court cannot say that the ALJ's RFC assessment and hypothetical question are supported by substantial evidence as it is unclear

whether the mental limitations included therein sufficiently account for Plaintiff's moderate limitations in concentration, persistence, or pace.

Because remand is required on this issue, it is unnecessary to review the other issue raised on appeal. *Freese v. Astrue*, No. 8:06-cv-1839-T-EAJ, 2008 WL 1777722, *3 (M.D. Fla. Apr. 18, 2008) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)). However, on remand, the ALJ should be directed to consider the testimony of Plaintiff's brother and the opinions of the vocational counselor.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to the ALJ: (a) to consider the testimony of Plaintiff's brother and the opinions of the vocational counselor; (b) to account for Plaintiff's moderate limitations in concentration, persistence, or pace in the RFC and hypothetical question to the VE; (c) to reevaluate Plaintiff's RFC assessment, if necessary; and (d) to conduct any further proceedings deemed appropriate.

2. The Clerk of Court be directed to enter judgment accordingly, terminate any pending motions, and close the file.

3. In the event that benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application should be filed within the parameters set forth by the Order entered in *In re: Procedures for Applying for Attorney's Fees Under 42*

*U.S.C. §§ 406(b) & 1383(d)(2)*, Case No.: 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012).  The Court's Order on this Report and Recommendation should not be interpreted as extending the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ENTERED** at Jacksonville, Florida, on April 18, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable G. Kendall Sharp
Senior United States District Judge

Counsel of Record